**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MILTON ESACH AMPAM,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv829**

**MARKWAYNE MULLIN, *et al.*,**

**Respondents.**

# MEMORANDUM OPINION

This matter comes before the Court on Petitioner Milton Esach Ampam's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). (ECF No. 1.) In the Petition, Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE's failure to provide him with a bond hearing under 8 U.S.C. § 1226 violates his statutory right to such a hearing and his constitutional right to due process[1] under the Fifth Amendment to the United States Constitution.[2] (ECF No. 1 ¶¶ 51–53, 57–65.)

---

[1] Petitioner also alleges that he cannot "verify whether Respondents" issued him a warrant at the time of his arrest. (ECF No. 1 ¶¶ 38–44.) He alleges that if Respondents arrested him without a warrant, they violated § 1226(a) and its implementing regulations in doing so. (ECF No. 1 ¶¶ 54–56.) Because the Court decides the Petition under Petitioner's other claims, it need not decide whether Respondents arrested Petitioner without a warrant nor whether doing so was unlawful.

[2] The Fifth Amendment to the United States Constitution provides, in pertinent part:

> No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

For the reasons articulated below, the Court will grant the Petition. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

## I. Factual and Procedural Background

### A. Factual Background[3]

Petitioner is a citizen of Ecuador who entered the entered the United States without inspection in April 2023. (ECF No. 1 ¶¶ 1, 18; ECF No. 1-2, at 2.) On April 27, 2023, Immigration and Customs Enforcement ("ICE") detained Petitioner. (ECF No. 1 ¶¶ 1, 18; ECF No. 1-2, at 2.) On May 7, 2023, ICE released Petitioner on personal recognizance. (ECF No. 1 ¶¶ 2, 19; ECF No. 1-3, at 2.) On August 15, 2026, ICE re-detained Petitioner in Baltimore, Maryland without providing any "individualized reason or explanation for this new detention." (ECF No. 1 ¶¶ 3, 20.) Petitioner is presently detained at the Abyon Farmville Detention Center in Farmville, Virginia. (ECF No. 1 ¶ 3.) Respondents have not provided Petitioner with a bond hearing. (ECF No. 1 ¶ 61.)

### B. Procedural Background

On August 18, 2026, Petitioner filed the instant Petition. (ECF No. 1.) On August 20, 2026, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025). (ECF No. 3, at 1.) The Court further

---

[3] As discussed below, Respondents represent to the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in" *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025). (ECF No. 7, at 1.) Accordingly, the Court's recitation of the factual background relies on the facts as alleged in the Petition. (ECF No. 1.)

ordered that, if Respondents indicated that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Duarte Escobar*, "each of the substantive filings in [*Duarte Escobar* would] be incorporated into this habeas proceeding, and this Court [would] issue a ruling without further filings from the parties." (ECF No. 3, at 2.)

On August 25, 2026, Respondents filed a Notice in response to the Court's August 20, 2026 Order. (ECF No. 7.) In the Notice, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*" and contend that "this Court should incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 7, at 1.)

The Court incorporates the parties' merits briefing in *Duarte Escobar* into the record. *See Duarte Escobar*, No. 3:25-cv-758 (MHL), ECF Nos. 16, 18, 19, 20 (E.D. Va. 2025). The Court also dispenses with any further briefing by the parties.

## II. Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. Analysis

The central question posed in the Petition is whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[4] or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[5] For the reasons articulated below, the Court

---

[4] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

[5] 8 U.S.C. § 1225 provides, in pertinent part:

(b) Inspection of applicants for admission

(2) Inspection of other aliens

(A) In general

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

the Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Petitioner to a bond hearing. Accordingly, Court will grant the Petition.

### A. <u>The Court Has Jurisdiction Over the Petition</u>

As a threshold matter, this Court has jurisdiction to consider the Petition. Respondents argue that the Court lacks subject-matter jurisdiction over the Petition because two provisions of the Immigration and Nationality Act ("INA") strip the Court of jurisdiction over the Petition: 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g). (*Duarte Escobar*, ECF No. 18, at 7–8.) As the United States Court of Appeals for the Fourth Circuit has affirmed, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the Petition. *See Suri v. Trump*, — F.4th —, 2026 WL 2123557, at *13–25 (4th Cir. 2026); *see also Duarte Escobar*, 807 F. Supp. 3d at 572–75. The Court has jurisdiction to consider the merits of the Petition and proceeds to the substance of Petitioner's claim.

### B. <u>Petitioner is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226</u>

With respect to the substance of Petitioner's claim, Petitioner contends that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (ECF No. 1 ¶¶ 51–53.) According to Respondents, Petitioner's detention is lawful under the INA because Petitioner was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention.[6] (*Duarte Escobar*, ECF No. 18, at 8–20.) For the reasons stated by this Court in

---

[6] Respondents' arguments reflect a novel interpretation of the INA. For decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the

*Duarte Escobar*, as well as the dozens of other decisions issued by courts in this district on the same issue, this Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. 807 F. Supp. 2d at 575–81; *see also Velasquez v. Noem*, No. 3:25-cv-998 (MHL), 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting thirty cases rejecting Respondents' argument in the Eastern District of Virginia as of February 2026); *Rodriguez Vazquez v. Bostock*, — F.4th —, 2026 WL 2196424 (9th Cir. 2026) ("The vast majority of the district courts to confront the issue have concluded that § 1225(b)(2)(A) is limited to the border and does not apply to unadmitted aliens apprehended inside the United States, meaning that those aliens are entitled to bond hearings under § 1226(a) and its implementing regulations.") (citations omitted).

Petitioner has been present in the United States since 2023. (ECF No. 1 ¶¶ 1, 18; ECF No. 1-2, at 2.) He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the

---

applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d. 211, 217–18 (D. Mass. 2025). The July 2025 memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, 807 F. Supp. 3d 397, 401 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29). The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024).

country" whereas § 1225 governs "aliens seeking admission into the country"). For the reasons set out in *Duarte Escobar*, the plain text of the INA, United States Supreme Court precedent, district court decisions around the country, and decades of practice support this conclusion. 807 F. Supp. 3d at 575–81. Petitioner is therefore entitled to a bond hearing under § 1226(a) and its implementing regulations.

**C. <u>Petitioner's Fifth Amendment Due Process Rights Have Been Violated</u>**

Finally, Petitioner argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause. (ECF No. 1 ¶¶ 47–56.) Respondents contend that Petitioner's due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Petitioner is subject to the Fifth Amendment's due process protections, denying him a bond hearing does not violate his constitutional rights.

For the reasons articulated in *Duarte Escobar*, the Court concludes that Petitioner's due process rights are governed by the Fifth Amendment and that, applying the three-part balancing test in *Mathews v. Eldridge*, his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights. 807 F. Supp. 3d at 581–84 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). Specifically, the Court finds that (1) Petitioner has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) Respondents have failed to demonstrate a compelling governmental interest in detaining Petitioner without a bond hearing. *Id.* (citing *Mathews*, 424 U.S. at 335–36).

**D. The Court Will Order Respondents to Provide Petitioner with a Bond Hearing During Which Respondents Bear the Burden of Proof**

Petitioner argues that immediate release would be an appropriate remedy for his unlawful detention. (ECF No. 1 ¶¶ 5, 45–50.) In their response as incorporated from the briefing in *Duarte Escobar*, Respondents assert that a bond hearing is the only appropriate remedy and that at a bond hearing, Petitioner should bear the burden of establishing whether he is a flight risk or poses a risk of danger. (*Duarte Escobar*, ECF No. 18, at 28–29.)

The Court will order Respondents to provide Petitioner with a bond hearing during which Respondents will bear the burden of proof. Providing Petitioner a bond hearing rather than immediate release permits the Court to tailor its remedy to Petitioner's alleged injury: deprivation of his access to a bond hearing. *Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026). Ordering a bond hearing is also consistent with the INA's statutory scheme, which recognizes that immigration judges are best suited to determine whether a noncitizen poses a risk of flight or a risk of danger. *Id.*

However, given Respondents "abject denial of [Petitioner's] entitlement to a bond hearing, due process calls for additional safeguards to protect that entitlement." *Id.* at *7–8. Accordingly, the Court will require Respondents to carry the burden of proof of showing whether Petitioner is a danger or risk of flight by clear and convincing evidence. *Id.*

## IV. Conclusion

Because § 1226(a) sets "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 303, Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge during which the government must prove by clear and convincing evidence that he poses a danger to the community or that he is a flight risk if Respondents seek

to continue detaining Petitioner. 8 U.S.C. § 1226(a); *Avelar Ramos*, 2026 WL 614875, at *7–8. Unless Respondents meet that burden, Petitioner's continued detention remains unlawful.

For the reasons articulated above, the Court will grant the Petition, (ECF No. 1), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 8/31/26
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
Chief United States District Judge